**FILED**

**October 31, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:15 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Larry Thomas Schmidt | ) | Docket No. 2016-05-1255 |
| | ) | |
| v. | ) | State File No. 75063-2014 |
| | ) | |
| City of Dickson, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

---

### Affirmed and Remanded - Filed October 31, 2017

The employer appeals the trial court's award of medical benefits following an expedited hearing. The employee suffered compensable injuries when the rear gate of a large dump truck detached and struck the open door of the waste-control truck on which the employee was standing while raising the truck's bed. The truck door struck the employee in the back, knocking him into the steering column in the cab of the truck. The employer accepted the claim and initiated medical benefits, and the employee eventually underwent surgery on his left shoulder. Although the employer paid for most of the expenses associated with the surgery, it denied payment for a medical compression device used during the surgery, contending it was not necessary for treatment of the employee's work-related injuries. The employer also denied payment for a second functional capacity evaluation and refused to authorize diagnostic testing for the employee's right upper extremity complaints, both of which were recommended by the treating physician. Six days before the expedited hearing was conducted, the employee filed the treating physician's response to correspondence, which provided the physician's opinions concerning the disputed items. The trial court admitted the document into evidence over the employer's objection to its late filing. We affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Stephen W. Elliott, Nashville, Tennessee, for the employer-appellant, City of Dickson

J. Allen Brown, Nashville, Tennessee, for the employee-appellee, Larry Thomas Schmidt

**Factual and Procedural Background**

Larry Thomas Schmidt ("Employee"), a utility worker for the City of Dickson ("Employer"), was injured on September 22, 2014, while in the process of emptying waste from a truck at the city's landfill. After backing the truck into place, he opened the door and stood on the "stirrups," which he described as a platform that allows access to the levers used to operate the bed on the truck. He testified that in the process of emptying waste from the truck, an "18-wheeler" had backed up so close to his truck that its "back end was quartering the front of [his] truck." He testified that while the bed of the "18-wheeler" was being raised to dump its waste, the "whole steel door completely fell off their truck, come [sic] disassembled from the body of their truck[,] [f]lew through the air, hit my truck door, which caused the momentum to smash my truck door into my spine, my upper spine, and the force . . . threw me through the air into my cab." He testified both of his hands were injured in the process when he grabbed the steering column "because . . . [he] flew through the air, and as [he] made contact with that steering column, that was just [his] reaction to stop [himself]."

Employer authorized medical treatment following the incident, including treatment for Employee's spinal complaints with Dr. Tarek Elalayli and treatment for his left wrist and shoulder with Dr. Thomas Dovan. Dr. Dovan performed a left wrist arthroscopy and carpal tunnel release in November 2015, and on April 1, 2016, he performed a left shoulder arthroscopic labral repair, left distal clavicle resection, and left subacromial decompression.

Dr. Dovan's preoperative orders for the shoulder surgery included "[k]nee [surgical compression devices] for all patients except local ONLY cases," and noted that the requested anesthesia included "Brachial Block and General [anesthesia]." On the day of the surgery, a risk assessment form completed at Baptist Plaza Surgicare indicated Employee to be "High Risk" based upon "[s]urgery scheduled 1 hour or longer," his age being "40 or older," and having a "History of Smoking/Chewing Tobacco use." The "Risk Assessment Findings" on the form noted that surgical compression devices were "advised" and to "notify surgeon." (Emphasis in original.) Prior to the surgery, both Dr. Dovan and Employee signed a document styled "Patient Direct Agreement DVT Prevention System," which identified "Items Provided to Patient by MedVantage," including "Intermittent Pneumatic Compression Device and All Accessories." The document noted the risk factors identified in the risk assessment form and described the equipment being provided as "VENAFLOW ELITE FOAM CALF CUFF." Employer's workers' compensation insurer subsequently declined to pay for the medical equipment, stating in a letter to the equipment provider "[t]his is not related to [Employee's] work injury." Employee testified at the expedited hearing that Dr. Dovan ordered the compression device and that he did not "have any say in the matter." He agreed on cross-examination that he signed the "Patient Direct Agreement," but testified "[t]o my knowledge, that was just for the anesthesia."

2

In addition to the operative reports of Employee's left wrist and left shoulder surgeries, the record on appeal includes reports of only two office visits Employee had with Dr. Dovan, both of which were subsequent to Employee's shoulder surgery. In the first postoperative report, Dr. Dovan noted that Employee "is in the office to follow up for the [functional capacity evaluation] for his left shoulder," which Dr. Dovan's report stated "came back as an invalid study." Employee told Dr. Dovan that he "gave a full effort." Dr. Dovan was unable to recommend work restrictions at that time, stating that "based on his diagnosis and MRIs, it is not enough information to actually be able to recommend work restrictions." Noting that the functional capacity evaluation ("FCE") was "not perfect, [but] it is our best study," Dr. Dovan stated "[i]f [Employee] feels that it is not an appropriate evaluation of his effort, then we can try to get another FCE." Finally, the report stated "[w]e are going to order another FCE and proceed from there."

Employee testified that after Dr. Dovan ordered the initial FCE, a company contacted him by telephone and subsequently met him "in a very small van" in a Walmart parking lot. He testified that "[a]s tall as I am, I could barely stand up in the van." He stated that, in his opinion, he "performed the best that [he] could on that test." He testified that when he returned to Dr. Dovan after completing the FCE, Dr. Dovan told him that he could not use the FCE and "will have to order you another one."

The second postoperative report reflects that Employee returned "to discuss the burning pain he has in his left posterior scapula" and that Employee "has had that pain all along." The report notes that Employee "thinks it is from his neck," and documents that Employee asked if Dr. Dovan could refer him back to Dr. Elalayli. Dr. Dovan noted in the report that Employee's shoulder pain "could possibly be his neck" and stated that he "would like to have Dr. Elalayli look at that again." The report indicated Dr. Dovan believed Employee had reached his maximum medical improvement at that visit with respect to the conditions Dr. Dovan treated.

Employee testified that at his most recent visit with Dr. Dovan, an EMG nerve conduction study was ordered due to Employee's right wrist complaints, but the workers' compensation insurer would not approve the study. The office note in which Dr. Dovan ordered the EMG was not included in the record on appeal. However, the parties do not dispute that Dr. Dovan ordered the testing. Employer declined to authorize the testing on the basis Employee did not timely report a right arm injury resulting from the September 2014 work accident. By contrast, Employee testified he reported injuries to both hands and arms on the date of the accident. The first report of injury completed by Employer noted the body parts affected to be "multiple body parts."

The final point of dispute on appeal concerns Dr. Dovan's response to correspondence dated June 24, 2017, which was sent by Employee's attorney. The correspondence was filed with Employee's "Notice of Filing Treating Physician's Medical Opinions" six days before the August 23, 2017 expedited hearing. Employer

objected to the document because it was filed less than ten days before the scheduled hearing. Employee's attorney stated that he did not receive the responses until August 16, 2017, and then only after repeated contacts with Dr. Dovan's office requesting the doctor to reply to his letter. Noting that "[w]e do have a rule that says documents should be filed within ten days [of a scheduled hearing]," the trial court concluded, "in light of the fact that [Employee's attorney] did submit this letter to Dr. Dovan two months ago … and based on his statements that he tried to get Dr. Dovan to address this earlier and only received it himself on August 16th, the Court will overrule the objection and admit it into evidence . . . ."

Dr. Dovan's response to Employee's letter provided his opinions concerning the disputed items. Dr. Dovan opined that the compression device utilized in Employee's shoulder surgery was "reasonable, necessary, and related to the workers' compensation surgery." He indicated he had intended Employee's FCE to be performed by a Tennessee licensed physical or occupational therapist, and that the order for the second FCE was "reasonable, necessary, related to the injury, and made necessary because of the problems with the first FCE." Finally, Dr. Dovan opined that the EMG he ordered at Employee's last visit was "reasonable, necessary, and related to the work injury." Following the expedited hearing, the trial court ordered Employer to pay for the surgical compression device, reimburse Employee the expense of the FCE, and pay for the additional EMG study. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

Employer raises four issues on appeal: (1) whether the trial court erred in admitting into evidence the correspondence that included Dr. Dovan's medical opinions;

(2) whether the trial court erred in requiring Employer to pay for the surgical compression device; (3) whether the trial court erred in ordering Employer to reimburse Employee the cost of the second FCE; and (4) whether the trial court erred in ordering Employer to authorize and pay for the EMG study.

The Rules of the Bureau address medical records to be presented as evidence at a hearing:

> All medical records designated by the parties to be presented as evidence at a scheduled hearing shall be filed with the Bureau no later than ten (10) business days before the scheduled hearing date. Absent good cause as determined by the presiding workers' compensation judge, failure to comply may result in the exclusion of any medical record that is not filed timely or the assessment of costs or sanctions against the party or the attorney of the party designating the medical record. Absent good cause as determined by a workers' compensation judge, no other medical records should be filed with the Bureau.

Tenn. Comp. R. & Regs 0800-02-21-.16(6)(a) (2016).

A trial court's decision regarding the admission or exclusion of evidence is entrusted to the court's discretion and will not be disturbed on appeal unless the trial court abused its discretion. *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008). As the Tennessee Court of Appeals has stated:

> Generally in Tennessee, a trial court's ruling on the admissibility of evidence is within the sound discretion of the trial judge. Further, trial courts are accorded a wide degree of latitude in their determination of whether to admit or exclude evidence, even if such evidence would be relevant. A trial court's evidentiary ruling will only be overturned on appeal upon a showing of abuse of discretion.

*Green v. Smith*, No. M2006-01729-COA-R3-CV, 2008 Tenn. App. LEXIS 261, at * 10 (Tenn. Ct. App. Apr. 30, 2008).

In the instant case, Employer alleges the trial court erred by failing to exclude as evidence the correspondence in question. However, Employer does not address in what way the trial court abused its discretion by admitting the document into evidence. Employer contends, and we agree, that the correspondence "constituted important substantive evidence" in the case, and Employer contends the late filing "deprived [it] of a fair and reasonable opportunity to rebut this evidence." It is significant, however, that Employer did not request a continuance or request additional time to obtain evidence to rebut Dr. Dovan's medical opinions. Employer offered documents into evidence at the

hearing, but none of the documents included medical opinions or contradicted Dr. Dovan's medical opinions.

The Tennessee Supreme Court has provided guidance to appellate courts in determining whether a trial court abused its discretion. In *Lee Med. v. Beecher*, 312 S.W.3d 515 (Tenn. 2010), the Court stated:

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Id.* at 524.

Here, there is no dispute that the correspondence at issue was not filed within ten business days of the scheduled hearing. However, the trial court heard Employee's explanation for the late filing and, at least implicitly, determined that the explanation demonstrated good cause as contemplated by the Bureau's regulation. Employer did not deny having received the letter six days prior to the expedited hearing. Moreover, the regulation does not provide that medical records filed less than ten days from the hearing date cannot be considered; rather, it states that the untimely filing of medical records *may* result in their exclusion. Thus, we conclude the trial court did not abuse its discretion in admitting the correspondence into evidence.

Having concluded Dr. Dovan's medical opinions were properly admitted into evidence, we find no merit in Employer's remaining arguments. In the course of his pre-surgical assessment, Dr. Dovan concluded Employee was at risk for deep vein thrombosis and ordered the surgical compression device. He subsequently opined that the device was "reasonable, necessary, and related to the workers' compensation surgery." Employer offered no medical proof to the contrary. *See* Tenn. Code Ann. § 50-6-204(a)(3)(H) (2016) (treatment recommended by the authorized treating physician "shall be presumed to be medically necessary for treatment of the injured employee").

Similarly, there is no medical evidence other than Dr. Dovan's opinion concerning the reasonableness and necessity for the second FCE. Employee offered unrefuted testimony as to the circumstances and conditions under which the initial FCE was conducted and testified Dr. Dovan ordered the second FCE. In the correspondence admitted into evidence over Employer's objection, Dr. Dovan expressed the opinion that "the second FCE order [was] reasonable, necessary, related to the injury, and made

6

necessary because of the problems with the first FCE." As we have previously observed, when "[t]he only medical opinion addressing causation contained in the record is contrary to [Appellant's] position[,] [a]bsent countervailing medical proof, this opinion must carry the day." *Berdnik v. Fairfield Glade Cmty. Club*, No. 2016-04-0328, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *16 (Tenn. Workers' Comp. App. Bd. May 18, 2017). Employer did not come forward with contrary medical proof. Thus, we conclude the trial court did not err in ordering Employer to reimburse Employee for the cost of the FCE.

Finally, Employer asserts Employee did not establish that his right arm complaints were causally related to his work injury. As with the preceding issues concerning the surgical compression device and the second FCE, this assertion depends on the exclusion of Dr. Dovan's medical opinions. Having concluded the trial court did not err in admitting Dr. Dovan's opinions into evidence, we also conclude the trial court did not err in relying on Dr. Dovan's opinion that the EMG ordered to evaluate Employee's right upper extremity complaints was "reasonable, necessary, and related to the work injury."

Employee requests we find Employer's appeal to be frivolous and award him attorneys' fees and expenses incurred on appeal. We do not find this appeal to be frivolous and, therefore, we deny Employee's request for attorneys' fees and expenses.

**Conclusion**

We hold that the trial court did not abuse its discretion in admitting into evidence the medical opinions of Dr. Dovan. We further hold that the evidence does not preponderate against the trial court's determinations to order Employer to pay for the surgical compression device, to require Employer to reimburse Employee for the cost of the second FCE, and to authorize the diagnostic testing recommended by Dr. Dovan. Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.



**FILED**

**October 31, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:15 P.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | | |
|---|---|---|---|
| Larry Thomas Schmidt | ) | Docket No. | 2016-05-1255 |
| | ) | | |
| v. | ) | State File No. | 75063-2014 |
| | ) | | |
| City of Dickson, et al. | ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of October, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **J. Allen Brown** | | | | | X | allen@jallenbrownpllc.com |
| **Stephen Elliott** | | | | | X | selliott@howell-fisher.com |
| **Fetlework S. Balite-Panelo** | | | | | X | fsbalite-panelo@howell-fisher.com |
| **Thomas L. Wyatt, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov